Reese, J.
delivered the opinion of the court.
The objection to the record of the proceedings in the court below mainly insisted on as constituting a ground for the reversal of the judgment is, that what is technically termed the caption of the indictment does not show, that the grand jury had been sworn. Ten years since this question came expressly under the consideration of the supreme court *388 in the case of M'Clure vs. The State, 1 Yerger, 206, was • elaborately discussed at the bar, and was solemnly determined by a majority of the judges against the prisoner, and he was condemned and executed.
As the question is one of a character merely technical, and as in this case, and indeed in every case, there must be, from the nature of the thing, a moral certainty that, in point of fact, the jury had been sworn, we would perhaps at the last term of the court, when this case was first argued, have contented ourselves with resting upon the authority of the decision in 1 Yerger’s Reports, above referred to, and have affirmed the judgment, if the two judges who concurred in the result of that decision had not so far differed in the grounds upon which their opinion was placed; judge Whyte assuming that the words “empannelled, sworn and charged” did not constitute a portion of the indictment itself, but were parcel of the caption, and judge Catron more correctly contending that those words were a portion of the indictment, but insisting that they being found there their omission in the caption, if material, would be supplied. Anxious that the trial by jury secured by the constitution should not, even in its modes and forms, be by any act of ours violated or impaired, we continued the cause till the present term that it might be again argued, and that we might look into the English authorities referred to by the court in the ease of M'Clure vs. The State. A reference to the form of Captions and to the commencement of indictments, as shown in Saunders and Wentworth, will establish that a practice has long since been adopted in our State of incorporating with the commencement of the indictment itself the substantial part of the English captions, that is, adding the “jurat. et onerat.” of the English caption to the “super sa-pramentum suum” of their indictments. The English caption, it is said, and perhaps truly, constitutes in the first instance no part of the record below, but it is an historical statement of the clerk prefixed to the record when the cause is sent up. if such, as it seems, be their practice, the record furnished by the indictment, which is received by the court from the jury, that the jury had been sworn, empannelled *389 and charged as required by law, would be at least of as high verity as a memorandum or historical statement of the clerk.. But it was determined in England in the time of Holt by the whole court, in the case of The King vs. Morgan, 1 Raymond, 710, that the omission in the caption of the words “sworn and charged” would make no difference, and that it would be good without them. And in a case reported in 3 Salkeld, it is ruled the omission of the word “empannelled” in the caption will not be error. In North Carolina, where the commencement of the indictment does not, as with us, contain the words “empannelled, sworn and charged,” but where the English form of commencement is adopted, namely, “The jurors of the State, upon their oath, present,” &c. it has been determined in the case of The State vs. Kimbrough, 2 Dev. 431, since our case of M’Clure vs. The State, that the omission to show in the caption that the jury had been sworn does not constitute error. Earlier cases in the same State, referred to in the case of M’Clure, are perhaps stronger. We are therefore of opinion that the result of the decision in the case of M’Clure vs. The State was not contrary to principle or inconsistent with adjudged cases and we yield to its authority. Minor objections to the record have been taken; we have duly considered of them; they, need not here be enumerated; we are of opinion that none of them are material or can avail the prisoner any thing.
The judgment must be affirmed.